IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| MD BEAUTY, INC. and BIOCEUTIX INC., | Case No.: C 05 01707 |
|---|---|
| Plaintiffs, | **ORDER DISQUALIFYING SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| v. | |
| DENNIS F. GROSS, M.D. d/b/a/ M.D. SKINCARE LLC and DENNIS GROSS, M.D., L.L.P., | |
| Defendants. | |

The Motion of defendants Dennis F. Gross and M/D Skincare, LLC (sued as "Dennis F. Gross, M.D. d/b/a M.D. Skincare LLC") (hereinafter "Dr. Gross") to disqualify Sheppard, Mullin, Richter & Hampton LLP (hereinafter "Sheppard Mullin") was heard by this Court on October 25, 2005.

Having reviewed the pleadings and evidence submitted by the parties and having heard oral argument thereon, the Court finds that:

1. Neil Smith's representation of Dr. Gross in the prior California action, Civil Action No. C 03-3082 SBA, is "substantially related" to Sheppard Mullin's representation of plaintiffs MD Beauty Inc. and Bioceutix, Inc. (hereinafter "MD Beauty") in this action, Civil Action No. C 05-1707;

2. As a matter of law, Mr. Smith is therefore irrebuttably presumed to have obtained material confidential information relevant to this action;

3. Assuming *arguendo* that the presumption were rebuttable I find that it has not been adequately rebutted;

4. Mr. Smith's presumed knowledge of confidential information is vicariously imputed to Sheppard Mullin;

5. This vicarious imputation to Sheppard Mullin is irrebuttable as a matter of law, but assuming *arguendo* that this imputation were rebuttable, I find that it has not been adequately rebutted;

6. The firm of Sheppard Mullin is therefore disqualified from further representing MD Beauty in this action, Civil Action No. C 05-1707.

IT IS HEREBY ORDERED THAT Defendants' motion to disqualify is GRANTED.

IT IS FURTHER ORDERED THAT Sheppard Mullin shall transfer its entire file to counsel that MD Beauty, Inc. and Bioceutix, Inc. may retain to represent their interests in this action, **provided that**, Sheppard Mullin, including its attorneys and staff at all of its offices, shall not convey any confidential attorney-client privileged information obtained from Dr. Gross in the prior representation, or any information derived from such confidential attorney-client privileged information to any counsel that MD Beauty, Inc. and Bioceutix, Inc. may retain to represent their interests in this action. This restriction only applies to information that is confidential within the

1  meaning of the attorney-client privilege, and does not apply to information that is available in public
2  or other non-confidential sources.
3      IT IS FURTHER ORDERED THAT in the interests of justice and the orderly administration
4  of this case, the instant action shall be STAYED for thirty (30) days from the date this Order is filed.
5  All scheduled dates in this action are VACATED.  The parties shall appear for a <u>telephonic</u> Case
6  Management Conference on **Wednesday, December 7, 2005 at 4:00 p.m.**  The parties shall meet
7  and confer prior to the conference and shall file a joint Case Management Conference Statement, no
8  later than ten (10) days prior to the Case Management Conference, that includes, *inter alia*, the
9  parties' proposed new date(s) in this action.  Plaintiffs' counsel shall be responsible for filing the
10 statement as well as for initiating the conference call by calling (510) 637-3559 at the specified date
11 and time with all parties on the line.

**NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT**.

13     IT IS SO ORDERED.

15 Dated: 10/27/05    *Saundra B. Armstrong*

16     SAUNDRA BROWN ARMSTRONG
17     United States District Judge

-2-